THE ATTORNEY GENERAL HAS REFERRED YOUR LETTER OF MARCH 16, 1990, TO ME FOR A RESPONSE. AS I UNDERSTAND IT, YOU HAVE ASKED THE FOLLOWING QUESTION:
 MAY THE TIME THAT A PERSON HOLDS A TEMPORARY LICENSE ISSUED UNDER RULE 9 OF THE RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW (5 O.S. SUPP. 1989, CH. 1, APP. 5) BE COUNTED AS PART OF THE FIVE YEARS OF EXPERIENCE AS A LICENSED ATTORNEY REQUIRED UNDER 19 O.S. 215.2(B) (1989) FOR CANDIDATES FOR THE OFFICE OF DISTRICT ATTORNEY?
YOU SHOULD UNDERSTAND THAT WHAT FOLLOWS ARE THE VIEWS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL HIMSELF.
YOUR QUESTION INVOLVES INTERPRETATION OF 19 O.S. 215.2 (1989), WHICH SETS FORTH THE REQUIREMENTS FOR THE OFFICE OF DISTRICT ATTORNEY AS FOLLOWS:
 A. PRIOR TO JULY 1, 1990, ANY PERSON, OTHERWISE QUALIFIED WHO HAS BEEN A RESIDENT OF THE STATE FOR TWO (2) YEARS, THE DISTRICT THREE (3) MONTHS, A DULY LICENSED ATTORNEY FOR TWO (2) YEARS, AND AT LEAST TWENTY FIVE (25) YEARS OF AGE, NEXT PRECEDING THE DATE OF FILING FOR THE OFFICE, SHALL BE ELIGIBLE TO HOLD THE OFFICE OF DISTRICT ATTORNEY. THE DISTRICT ATTORNEY SHALL RESIDE IN THE DISTRICT FROM WHICH HE WAS ELECTED DURING HIS TERM OF OFFICE. PROVIDED THAT IN COUNTIES HAVING A POPULATION OF FOUR HUNDRED AND FIFTY THOUSAND (450,000) OR MORE, THE DISTRICT ATTORNEY SHALL BE AT LEAST TWENTY EIGHT (28) YEARS OF AGE WITH AT LEAST FIVE (5) YEARS OF EXPERIENCE IN THE PRACTICE OF LAW.
 B. ON OR AFTER JULY 1, 1990, ANY PERSON OTHERWISE QUALIFIED WHO HAS BEEN A RESIDENT OF THE STATE FOR TWO (2) YEARS, THE DISTRICT THREE (3) MONTHS, A DULY LICENSED ATTORNEY FOR FIVE (5) YEARS, AND AT LEAST TWENTY EIGHT (28) YEARS OF AGE, PRIOR TO THE DATE OF FILING FOR THE OFFICE, SHALL BE ELIGIBLE TO HOLD THE OFFICE OF DISTRICT ATTORNEY. THE DISTRICT ATTORNEY SHALL RESIDE IN THE DISTRICT FROM WHICH HE WAS ELECTED DURING HIS TERM OF OFFICE.
IN CONSIDERING YOUR QUESTION, ONE MUST DETERMINE THE MEANING OF THE PHRASE "DULY LICENSED ATTORNEY" UNDER SECTION 19 O.S. 215.2. IF THE TERM "DULY LICENSED ATTORNEY" INCLUDES INDIVIDUALS HOLDING TEMPORARY PERMITS TO PRACTICE LAW, THE EXPERIENCE ACQUIRED WHILE HOLDING SUCH A PERMIT MAY BE PROPERLY INCLUDED IN THE CALCULATION OF THE FIVE-YEAR EXPERIENCE REQUIREMENT. CONVERSELY, IF INDIVIDUALS HOLDING TEMPORARY PERMITS ARE NOT "DULY LICENSED ATTORNEYS" THEN PRACTICE UNDER A TEMPORARY PERMIT MAY NOT BE COUNTED. BEFORE ANALYZING THE TERM, I WILL FIRST OUTLINE SOME OF THE RELEVANT RULES REGARDING THE LICENSING OF ATTORNEYS IN OKLAHOMA.
RULE 1 OF THE RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW SETS FORTH CERTAIN BASIC QUALIFICATIONS FOR ADMISSION TO LAW PRACTICE. IT PROVIDES:
 TO BE ADMITTED TO THE PRACTICE OF LAW IN THE STATE OF OKLAHOMA, THE APPLICANT:
 SECTION 1. SHALL HAVE GOOD MORAL CHARACTER, DUE RESPECT FOR THE LAW, AND FITNESS TO PRACTICE LAW;
SECTION 2. SHALL BE AT LEAST EIGHTEEN (18) YEARS OF AGE;
 SECTION 3. SHALL HAVE MET ALL THE CONDITIONS AND REQUIREMENTS HEREINAFTER SET FORTH WHICH MAY BE APPLICABLE;
 SECTION 4. SHALL TAKE THE FOLLOWING OATH AND FILE THE SAME WITH THE CLERK OF THE SUPREME COURT. . . .
SECTION 5. SHALL HAVE SIGNED THE ROLL OF ATTORNEYS.
SUBSEQUENT RULES SET FORTH TWO DIFFERENT METHODS OF QUALIFYING FOR ADMISSION TO THE PRACTICE OF LAW: (1) ADMISSION UPON MOTION WITHOUT EXAMINATION (AVAILABLE UNDER RULE 2 TO CERTAIN JUDGES AND INDIVIDUALS ADMITTED TO PRACTICE LAW IN OTHER STATES); AND (2) ADMISSION BY EXAMINATION (REQUIRED UNDER RULE 4 FOR THOSE INDIVIDUALS NOT ELIGIBLE FOR ADMISSION UPON MOTION). IN ADDITION TO THESE TWO METHODS, RULE 9 PROVIDES FOR THE ISSUANCE OF TEMPORARY PERMITS TO PRACTICE LAW. IT STATES:
 TEMPORARY PERMITS TO PRACTICE LAW UNTIL THE CONCLUSION OF THE NEXT SUCCEEDING BAR EXAMINATION AND REPORT OF THE RESULTS THEREOF MAY BE GRANTED UPON THE RECOMMENDATION OF THE BOARD OF BAR EXAMINERS AFTER A SHOWING OF PUBLIC CONVENIENCE AND NECESSITY AND IN THE PRIVATE SECTOR WHERE A CASE OF EXTREME HARDSHIP IS SHOWN, PROVIDED THE APPLICANT HAS TAKEN AND PASSED THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAMINATION. ALL APPLICANTS FOR TEMPORARY PERMITS TO PRACTICE LAW SHALL FILE WITH THE BOARD OF BAR EXAMINERS AN APPLICATION FOR SUCH TEMPORARY PERMIT IN ADDITION TO THE REGULAR APPLICATION FOR ADMISSION TO THE BAR EXAMINATION. THE BOARD SHALL, AS SOON AS PRACTICABLE, RECORD ITS RECOMMENDATION ON SUCH APPLICATION FOR TEMPORARY PERMIT TO THE SUPREME COURT TOGETHER WITH A COPY OF SUCH APPLICATION.
RULE 10 LIMITS THE PERIOD FOR WHICH TEMPORARY PERMITS MAY BE ISSUED AS FOLLOWS:
 THE TEMPORARY PERMIT OF ANY PERSON WHO TAKES THE BAR EXAMINATION SHALL EXPIRE ON THE DATE THAT THE SUCCESSFUL APPLICANTS AT THAT EXAMINATION ARE SWORN IN PROVIDED THAT THE TEMPORARY PERMIT OF ANY PERSON WHO FAILS THE BAR EXAMINATION SHALL BE REVOKED EFFECTIVELY IMMEDIATELY UPON THE ANNOUNCEMENT OF THE RESULTS OF SUCH BAR EXAMINATION BY THE ADMINISTRATOR OR DIRECTOR OF THE BOARD OF BAR EXAMINERS.
IN CONSIDERING WHETHER THE TERM "DULY LICENSED ATTORNEY" INCLUDES HOLDERS OF RULE 9 PERMITS, ONE MUST APPLY SEVERAL WELL ESTABLISHED PRINCIPLES OF STATUTORY INTERPRETATION. FIRST, "THE CARDINAL RU LE FOR CONSTRUCTION OF STATUTES IS TO ASCERTAIN THE INTENTION OF THE LEGISLATURE BY CONSIDERATION OF THE STATUTORY LANGUAGE." WALKER V. ST. LOUIS-SAN FRANCISCO RAILWAY CO., 671 P.2D 672, 673 (OKLA. 1983). IN ADDITION, IN THE ABSENCE OF A SPECIFIC DEFINITION SET FORTH IN THE STATUTE ITSELF, WORDS AND PHRASES ARE TO BE GIVEN THEIR ORDINARY MEANINGS. STATE EX REL. CARTWRIQHT V. GEORGIA PACIFIC CORP., 663 P.2D 718, 722 (OKLA. 1982). IN THIS INSTANCE, BOTH THE LEGISLATIVE INTENT UNDERLYING SECTION 215.2(B) AND THE ORDINARY MEANING OF THE TERM "DULY LICENSED ATTORNEY" INDICATE THAT RULE 9 PRACTICE MAY BE PROPERLY COUNTED UNDER THE EXPERIENCE REQUIREMENT FOR DISTRICT ATTORNEY.
AS TO LEGISLATIVE INTENT, I HAVE UNEARTHED NO LEGISLATIVE HISTORY OR CASE LAW EXPLAINING THE REASONS FOR THE ENACTMENT OF SECTION 215.2. HOWEVER, I DO NOTE THAT TIME-BASED EXPERIENCE REQUIREMENTS SIMILAR TO THOSE SET FORTH IN THE OKLAHOMA STATUTE HAVE BEEN INTERPRETED BY A NUMBER OF COURTS AS A LEGITIMATE WAY OF SCREENING POTENTIAL CANDIDATES FOR THE TRAINING AND SKILL REQUIRED BY THE OFFICE IN QUESTION. SEE VINAS V. GIMMA, 304 N.Y.S. 2ND 105 (N.Y. APP. DIV. 1969); WASMUTH V. ALLEN, 200 N. E. 2D 756, 761 (N.Y. 1964). IN THIS INSTANCE, INCLUDING RULE 9 PRACTICE IN THE CALCULATION OF EXPERIENCE UNDER SECTION 215.2(B) IS CONSISTENT WITH THIS PURPOSE. IN PARTICULAR, A RULE 9 PERMIT PLACES NO LIMITATIONS ON THE SCOPE OF THE PRACTICE OF LAW WITHIN THE APPROPRIATE TIME LIMIT. AS A RESULT, AN INDIVIDUAL HOLDING SUCH A PERMIT MAY ACQUIRE THE SAME KIND OF EXPERIENCE (FOR A LIMITED TIME PERIOD THAT MAY BE OBTAINED UNDER A PERMANENT LICENSE TO PRACTICE LAW. IN LIGHT OF THIS FUNCTIONAL SIMILARITY, I THINK THAT THE PRACTICE OF LAW UNDER RULE 9 AND THE PRACTICE OF LAW UNDER A PERMANENT LICENSE BOTH CONSTITUTE THE KIND OF LEGAL EXPERIENCE AT WHICH THE EXPERIENCE REQUIREMENT OF 19 O.S. 215.2(B) IS ADDRESSED.
IN ADDITION, THE ORDINARY MEANING OF THE TERM "DULY" SUPPORTS RECOGNITION OF PRACTICE UNDER A RULE 9 PERMIT. GENERALLY, THE TERM "DULY" MEANS "ACCORDING TO LAW, PROPERLY, OR REGULARLY". SEE CAMERON EQUIPMENT CORP. V. STATE, 286 N.Y.S. 2D 401, 403, (N.Y. S.CT. 1968); ZECHEIL V.-FIREMEN'S FUND INSURANCE CO., 61 F.2D 27, 28 (7TH CIR. 1932). SINCE TEMPORARY PERMITS ARE EXPRESSLY PROVIDED FOR IN THE RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW, I FIND AN INDIVIDUAL PRACTICING PURSUANT TO SUCH A PERMIT TO BE "DULY LICENSED".
I SHOULD NOTE THAT, IN CERTAIN INSTANCES, SOME COURTS HAVE REACHED A CONTRARY CONCLUSION, FINDING AN INDIVIDUAL HOLDING A PARTICULAR KIND OF LICENSE NOT TO BE "DULY LICENSED" UNDER A CERTAIN STATUTE OR CONTRACT. HOWEVER, THOSE CASES HAVE USUALLY INVOLVED CIRCUMSTANCES IN WHICH THE KIND OF LICENSE AT ISSUE DID NOT GRANT THE LICENSEE THE FULL RANGE OF RIGHTS AND PRIVILEGES HELD BY OTHER KINDS OF LICENSEES. SEE E.G. MANG V. TRAVELERS' INSURANCE CO., 412 S.W. 2D 672 (TEX. 1970) (FINDING AN INDIVIDUAL HOLDING A STUDENT PILOT'S LICENSE IS NOT TO BE "DULY LICENSED" UNDER AN INSURANCE CONTRACT SINCE THAT INDIVIDUAL WAS NOT AUTHORIZED TO OPERATE A PLANE CARRYING PASSENGERS); RYDER TRUCK RENTAL V. WILLIAMSTOWN, 309 N.Y.S. 2D 508 (FINDING AN INDIVIDUAL HOLDING AN OPERATOR'S LICENSE NOT TO BE DULY LICENSED WHEN DRIVING A TRUCK UNDER A RENTAL CONTRACT BECAUSE NEW YORK LAW REQUIRES CHAUFFEUR'S LICENSES TO DRIVE TRUCKS). MORE IMPORTANTLY, IN AN INSTANCE IN WHICH THE TEMPORARY LICENSE IN QUESTION DID GRANT THE LICENSEE THE FULL RANGE OF RIGHTS AND PRIVILEGES, THE SUPREME COURT OF FLORIDA HELD THAT THE INDIVIDUAL HOLDING THE TEMPORARY LICENSE WAS "DULY LICENSED" UNDER A PARTICULAR STATUTE.
IN STATE V. GILLMAN, 390 SO.2D 62 (FLA. 1980), THE DEFENDANT WAS CONVICTED, INTER ALIA, OF VEHICULAR MANSLAUGHTER BY INTOXICATION. FOLLOWING AN AUTOMOBILE ACCIDENT, THE DEFENDANT WAS TAKEN TO A HOSPITAL WHERE A MEDICAL TECHNICIAN WITHDREW A BLOOD SPECIMEN. ALTHOUGH THE TECHNICIAN HAD NOT BEEN PERMANENTLY LICENSED BY THE STATE, HE HAD BEEN ISSUED A SIX (6) MONTH TEMPORARY LICENSE FROM THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES PURSUANT TO FLORIDA LAW. INTERPRETING SECTION 327.261(2)(B) OF THE FLORIDA STATUTES (WHICH STATES THAT ONLY A PHYSICIAN, REGISTERED NURSE, OR "DULY LICENSED CLINICAL LABORATORY TECHNOLOGIST OR CLINICAL LABORATORY TECHNICIAN" MAY WITHDRAW BLOOD FOR THE PURPOSE OF DETERMINING ALCOHOLIC CONTENT), THE GILLMAN COURT FOUND THAT THE TECHNICIAN HOLDING THE TEMPORARY LICENSE WAS "DULY LICENSED" UNDER THAT STATUTE. 390 SO. 2D AT 64.
I FIND GILLMAN APPLICABLE TO THE INTERPRETATION OF 19 O.S. 215.2(B). LIKE THE FLORIDA STATUTE THERE CONSIDERED, SECTION 215.2(B) USES THE TERM "DULY LICENSED." LIKE THE TEMPORARY PERMIT HELD BY THE LABORATORY TECHNICIAN IN GILLMAN, A TEMPORARY PERMIT TO PRACTICE LAW UNDER RULE 9 GRANTS, FOR A LIMITED TIME, THE FULL RANGE OF RIGHTS AND PRIVILEGES GRANTED TO A PERMANENT LICENSEE. GILLMAN THUS SUPPORTS THE RECOGNITION OF RULE 9 PRACTICE UNDER SECTION 215.2(B)'S EXPERIENCE REQUIREMENT.
THEREFORE, IT IS MY OPINION THAT THE TIME A PERSON HOLDS A TEMPORARY LICENSE ISSUED UNDER RULE 9 OF THE RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW MAY BE PROPERLY COUNTED AS PART OF THE FIVE (5) YEARS OF EXPERIENCE AS A DULY LICENSED ATTORNEY REQUIRED UNDER 19 O.S. 215.2(B) (1989) FOR CANDIDATES FOR DISTRICT ATTORNEY.
(ROB RAMANDA)